IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDOR V. BARANYI, | ) | CIVIL NO. 13-00667 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | RESEARCH CORPORATION OF THE |
| vs. | ) | UNIVERSITY OF HAWAII'S MOTION |
| | ) | TO DISMISS |
| UNIVERSITY OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT RESEARCH CORPORATION
OF THE UNIVERSITY OF HAWAII'S MOTION TO DISMISS**

**I.      INTRODUCTION.**

On May 2, 2014, Plaintiff Sandor V. Baranyi filed a Second Amended Complaint. See ECF No. 46. On May 5, 2014, Defendant Research Corporation of the University of Hawaii ("RCUH") filed a motion to dismiss that complaint. See ECF No. 48. Because RCUH is correct in asserting that the Second Amended Complaint fails to properly allege a claim against it, RCUH's motion to dismiss is granted.

**II.     FACTUAL ALLEGATIONS.**

The Second Amended Complaint alleges that, on September 12, 2012, Dr. Maria Haws, a tenured professor at the University of Hawaii, retaliated against Baranyi by filing a false accusation of disruptive behavior with the Dean of Student Affairs shortly after Baranyi had complained to Haws about age discrimination and unfair hiring practices. See Second Amended Complaint, ECF No. 46, PageID # 238. Baranyi also claims that

Haws retaliated against him the following week by filing two false claims of defamation and harassment with the Dean of Student Affairs and by filing a workplace violence charge with campus security. Id., PageID #s 238-39. Baranyi claims Haws further retaliated against him by seeking a temporary restraining order against him in state court. Id., PageID # 239. Baranyi says Haws also retaliated against him by lying to the EEOC investigator who was looking into an administrative charge filed by Baranyi and by getting Defendant Richard Short to submit a false statement to that investigator. Id., PageID # 239. Baranyi claims that Haws and Short defamed him by lying to the EEOC investigator. Id., PageID # 241-42.

Baranyi additionally claims that Haws discriminated against him based on his age by lying to him about the availability of "student assistant jobs." Id., PageID # 240. He also claims that Haws caused him emotional distress. Id., PageID # 241.

The Second Amended Complaint alleges that Short is an employee of and supervisor at the University of Hawaii. It alleges that Short's false statement to the EEOC investigator was also a form of retaliation, presumably in response to Baranyi's filing of an administrative charge with the EEOC. Id., PageID # 240.

The Second Amended Complaint asserts that the University of Hawaii is liable for the actions of its employees and supervisors, Haws and Short. Id., PageID # 240-41. It also claims that the University of Hawaii is responsible for the emotional distress he suffered. Id., PageID # 241.

It is not entirely clear why RCUH is named as a Defendant in the Second Amended Complaint. The only allegations against it state:

> RCUH and Dr. Maria Haws are co-conspirators for the Age Discrimination committed against me. RCUH consented/adopted Dr. Maria C. Haws['s] decision to discriminate against me on the basis of my age. RCUH failed to investigate the Age Discrimination which was done to me. RCUH failed to put in place measures that would ensure that I wouldn't be discriminated against based on my age.

Id., PageID # 241. The Second Amended Complaint fails to explain RCUH's relationship to Baranyi or otherwise identify why it should be held responsible for the alleged age discrimination he suffered.

**III.     RULE 12(b)(6) STANDARD.**

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc.,

3

110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

5

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

## IV.     ANALYSIS.

Section 304A-3001 of Hawaii Revised Statutes establishes RCUH, whose purpose is to promote "all educational, scientific, and literary pursuits." Section 304A-3003(6) allows RCUH to "sue and be sued in its own name." It therefore appears that RCUH is a separate entity from the University of Hawaii, which, according to the allegations of the Second Amended Complaint, employs and is therefore arguably liable for negligent conduct by Haws and Short.

The Second Amended Complaint alleges that RCUH consented to and adopted Haws's conduct, failed to investigate Baranyi's age discrimination claim, and failed to ensure that Baranyi would not be subject to age discrimination. However, the Second Amended Complaint contains no factual allegations that explain RCUH's relationship with Baranyi, Haws, or Short. At best, in a conclusory fashion, it alleges that RCUH and Haws are "co-conspirators." But the Second Amended Complaint alleges no facts providing any context or explaining why RCUH should be responsible for any discrimination. The bare-bones, conclusory allegations as to RCUH fail to properly allege facts supporting a claim against it. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S.

6

at 678. Accordingly, to the extent the Second Amended Complaint is asserted against RCUH, it is dismissed.

**V.      CONCLUSION.**

Because the Second Amended Complaint lacks factual allegations as to why RCUH should be liable to Baranyi, it is dismissed to the extent it attempts to assert claims against RCUH. However, because Baranyi may be able to allege facts supporting a viable claim against RCUH, the court gives Baranyi leave to file a Third Amended Complaint that asserts such a claim no later than July 18, 2014.

The court dismisses the Second Amended Complaint with respect to RCUH without a hearing pursuant to Local Rule 7.2(d), as nothing could be raised at the hearing that could possibly save the defective pleading.

Although it is his right to proceed in this court pro se, given Baranyi's difficulties in asserting viable claims, the court encourages him to seek legal representation. If Baranyi chooses to file a Third Amended Complaint, he should consecutively number each paragraph of it. This will make it easier for the parties and the court to discuss and respond to it. Baranyi should also ensure that the Third Amended Complaint identifies who is being sued, what the legal basis is for each claim, what facts support the elements of each claim, and what remedies are being requested.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Baranyi v. Univ. of Hawaii, et al., Civ. No. 13-00667 SOM/KSC; ORDER GRANTING DEFENDANT RESEARCH CORPORATION OF THE UNIVERSITY OF HAWAII'S MOTION TO DISMISS