```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

SANDOR V. BARANYI,            )   CIVIL NO. 13-00667 SOM-KSC
                              )
          Plaintiff,          )   ORDER GRANTING DEFENDANT
                              )   RESEARCH CORPORATION OF THE
     vs.                      )   UNIVERSITY OF HAWAII'S MOTION
                              )   TO DISMISS WITH PREJUDICE
UNIVERSITY OF HAWAII, et al., )
                              )
          Defendants.         )
                              )
_____ )
```

**ORDER GRANTING DEFENDANT RESEARCH CORPORATION
OF THE UNIVERSITY OF HAWAII'S MOTION TO DISMISS WITH PREJUDICE**

**I.      INTRODUCTION.**

Plaintiff Sandor V. Baranyi has been given multiple opportunities to amend his complaint to state viable claims against Defendant Research Corporation of the University of Hawaii ("RCUH"). Because Baranyi continues to fail to state viable claims and gives no indication that further opportunities will provide a better result, the court grants RCUH's motion to dismiss the Third Amended Complaint. The claims against RCUH are dismissed with prejudice.

**II.     BACKGROUND.**

On December 4, 2013, Plaintiff Sandor V. Baranyi filed the original Complaint in this matter, naming as Defendants Pacific Aquaculture and Coastal Resources Center, Maria Haws, and Richard Short. See ECF No. 1. The Complaint alleged that Baranyi, a student at the University of Hawaii at Hilo, had been

seeking employment at Pacific Aquaculture for three years but was told by Haws that no jobs were available there.

On January 10, 2014, Baranyi filed an Amended Complaint, naming as Defendants RCUH, Haws, and Short. See ECF No. 12. The Amended Complaint included no claims against Pacific Aquaculture. Id. On February 25, 2014, RCUH sought dismissal of the Amended Complaint, arguing that the allegations of the Amended Complaint were insufficient to state a claim against RCUH. See ECF No. 21. At a hearing on the motion, Baranyi agreed that his Amended Complaint did not outline alleged wrongdoing on the part of RCUH. Accordingly, the court granted the motion and gave him leave to file a Second Amended Complaint. See ECF No. 41. The court instructed Baranyi that any Second Amended Complaint needed to state who was being sued, identify what each party had done wrong, and state the relief requested. Id. At the time of the February 25 hearing, Baranyi had already attempted to file a Second Amended Complaint. The court told him that he could not proceed with that version, but that he could file a different version. Id. A written order to that effect followed. See ECF No. 45.

On May 2, 2014, Baranyi filed a Second Amended Complaint. See ECF No. 46. On May 5, 2014, RCUH filed a motion to dismiss that complaint, again arguing that the pleading failed to allege a viable claim against it. See ECF No. 48. The court

2

agreed with RCUH that the Second Amended Complaint failed to properly allege a claim against it and granted the motion. See ECF No. 58. In so ruling, the court noted that the allegations against RCUH accused it of having consented to and adopted Haws's conduct and of having been Haws's "co-conspirator," but that there were no allegations suggesting how or why RCUH was even in a position to consent to or approve of Haws's conduct, much less what the object of any alleged conspiracy was. It remained unclear what made RCUH responsible for Haws's alleged action. Id. The court gave Baranyi leave to file a Third Amended Complaint that "identifies who is being sued, what the legal basis is for each claim, what facts support the elements of each claim, and what remedies are being requested." Id., PageID # 291.

On July 17, 2014, Baranyi filed his Third Amended Complaint. See ECF No. 62. The Third Amended Complaint is similar to the Second Amended Complaint. In the Third Amended Complaint, Baranyi adds the assertion that Haws is RCUH's agent. See id., PageID # 301, 304-05. Baranyi alleges no facts supporting his claim of an agency relationship. Id. The factual allegations in the Third Amended Complaint generally concern conduct by Haws. Baranyi alleges that, on September 12, 2012, Haws, a tenured University of Hawaii professor, retaliated against him by filing a false accusation of disruptive behavior

with the Dean of Student Affairs shortly after Baranyi complained to Haws about age discrimination and unfair hiring practices. Id., PageID # 297. Baranyi also claims that Haws retaliated against him the following week by filing false claims of defamation and harassment with the Dean of Student Affairs and by filing a workplace violence charge with campus security. Id., PageID #s 297-98. According to Baranyi, Haws further retaliated against him by seeking a temporary restraining order against him in state court. Id., PageID # 298. Baranyi says Haws also retaliated against him by lying to the EEOC investigator who was looking into an administrative charge filed by Baranyi and by getting Defendant Richard Short to submit a false statement to that investigator. Id., PageID # 298-99. Baranyi, who is 47, additionally claims that Haws discriminated against him based on his age by lying to him about the availability of "student assistant jobs." Id., PageID # 301.

The Third Amended Complaint alleges that Short is an employee of and supervisor at the University of Hawaii. It alleges that Short's false statement to the EEOC investigator was also a form of retaliation, presumably in response to Baranyi's filing of an administrative charge with the EEOC. Id., PageID # 299.

The Third Amended Complaint asserts that the University of Hawaii is liable for the actions of its tenured professor and supervisors, Haws and Short. Id., PageID # 299-301.

Why RCUH is named as a Defendant in the Third Amended Complaint remains unclear. The only allegations against RCUH state without elaboration that Haws is RCUH's agent, that Haws had "actual authority" to discriminate against Baranyi, and that RCUH is therefore liable for Haws's conduct. See id., PageID # 301, 304-05. Baranyi complains that RCUH had a policy of "Non-Competition" that did not require that jobs be posted, thus preventing him, as a non-employee, from even knowing about student jobs. Id., PageID # 301. Baranyi, however, fails to allege what if any role RCUH had with respect to Pacific Aquaculture's decision not to hire him.

In his opposition, Baranyi explains that Haws is not only a tenured professor at the University of Hawaii at Hilo, but also a director of Pacific Aquaculture, which gets funding from RCUH. See ECF No. 69-1, PageID # 336.

### III. RULE 12(b)(6) STANDARD.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as

5

one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

**IV.     ANALYSIS.**

Section 304A-3001 of Hawaii Revised Statutes establishes RCUH for the purpose of promoting "all educational, scientific, and literary pursuits." Section 304A-3003(6) allows RCUH to "sue and be sued in its own name." It therefore appears that RCUH is a separate entity from the University of Hawaii. It is the University of Hawaii, according to the allegations of the Third Amended Complaint, that employs Haws and Short.

The Third Amended Complaint alleges that Haws was RCUH's agent, and that RCUH is therefore responsible for the various forms of discrimination Baranyi alleges. However, the Third Amended Complaint neither contains factual allegations explaining RCUH's relationship with Baranyi, Haws, or Short, nor suggests why Haws should be considered RCUH's agent. Relying on filings other than the Third Amended Complaint, the court gathers that Haws had hiring authority at Pacific Aquaculture, and that RCUH promoted some or all of Pacific Aquaculture's activities through grants or other funding. The details of the connection remain unclear in the Third Amended Complaint. While Baranyi says that Haws is RCUH's agent with "actual authority" to commit the alleged discrimination, the Third Amended Complaint alleges no facts providing any context or explaining why Haws should be

8

considered RCUH's agent. The agency allegation is thus a bare legal conclusion.

Baranyi does point to the lack of an RCUH policy requiring the posting of job positions, but his bare-bones, conclusory allegations as to RCUH do not constitute a claim upon which relief can be granted. Even if the absence of an RCUH posting policy allowed Haws to hide job vacancies from Baranyi, that does not create an agency relationship between Haws and RCUH. There are no allegations that RCUH sought to have Haws or any other purported "agent" hide job vacancies from Baranyi or anyone else, or that Haws or anyone else might have been favoring existing employees or other potential applicants at RCUH's direction, on RCUH's behalf, or even with RCUH's knowledge. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. Nor does Baranyi suggest that RCUH failed to adopt a job posting requirement so that RCUH, Haws, or anyone else could act in a discriminatory or otherwise wrongful manner. Accordingly, to the extent the Third Amended Complaint is asserted against RCUH, it is dismissed.

Having given Baranyi multiple chances to amend his complaints to assert viable claims against RCUH, the court now analyzes whether further leave should be granted. The Ninth Circuit has cautioned, "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the

deficiencies of the complaint could not be cured by amendment." Schucker v. Rockwood, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks omitted); accord Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Given the numerous chances Baranyi has had to amend his complaint to allege facts supporting a claim against RCUH, the court determines that it would be futile to grant further leave to amend with respect to RCUH. The court makes this determination even taking into consideration Baranyi's statements in his opposition indicating that Haws is a Pacific Aquaculture director and that Pacific Aquaculture receives funding from RCUH. See ECF No. 69-1, PageID # 336. This is more than the Third Amended Complaint states, but RCUH's provision of funding to Pacific Aquaculture does not make it responsible for Baranyi's inability to obtain a student job at Pacific Aquaculture, even if RCUH did not condition its grant of money on the posting of jobs. In other words, Haws's failure to hire Baranyi for a job at Pacific Aquiculture does not, without more, render RCUH liable based on its provision of funding for jobs at Pacific Aquaculture and RCUH's lack of a job-posting requirement.

**V.     CONCLUSION.**

Because the Third Amended Complaint lacks factual allegations as to why RCUH is liable to Baranyi, it is dismissed to the extent it attempts to assert claims against RCUH.  This dismissal is with prejudice.  Having failed to state a claim against RCUH in four successive pleadings (not including the abortive version of the Second Amended Complaint that Baranyi tried to file), Baranyi gives no indication that he can file an amended complaint alleging facts supporting a viable claim against RCUH.

The court dismisses the Third Amended Complaint with respect to RCUH without a hearing pursuant to Local Rule 7.2(d).  The claims of the Third Amended Complaint asserted against the other Defendants remain for adjudication.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Baranyi v. Univ. of Hawaii, et al., Civ. No. 13-00667 SOM/KSC; ORDER GRANTING DEFENDANT RESEARCH CORPORATION OF THE UNIVERSITY OF HAWAII'S MOTION TO DISMISS WITH PREJUDICE