IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDOR V. BARANYI, | ) | CIVIL NO. 13-00667 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT MARIA |
| | ) | C. HAWS'S MOTION FOR PARTIAL |
| vs. | ) | DISMISSAL OF THIRD AMENDED |
| | ) | COMPLAINT |
| UNIVERSITY OF HAWAII, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MARIA C. HAWS'S MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT**

**I.     INTRODUCTION.**

On June 24, 2014, the court dismissed the Second Amended Complaint filed by Plaintiff Sandor V. Baranyi with respect to claims asserted against Defendant Research Corporation of the University of Hawaii ("RCUH"). The court gave Baranyi leave to file a Third Amended Complaint that asserted viable claims against RCUH. See ECF No. 58.

On July 17, 2014, Baranyi filed a Third Amended Complaint. See ECF No. 62.

On August 7, 2014, Defendant Maria C. Haws filed a motion to partially dismiss that complaint. See ECF No. 70. Haws argues that Baranyi failed to comply with the court's order of June 24, 2014, by including statements unrelated to claims against RCUH. Haws therefore requests that all such allegations, statements, claims and/or remedies be stricken from the Third Amended Complaint. See ECF No. 58. That motion is denied, as no

new claims are asserted against Haws and she is not prejudiced by the new statements in the Third Amended Complaint.

**II.      FACTUAL ALLEGATIONS.**

The Third Amended Complaint was filed in response to the court's Order Granting Defendant Research Corporation of the University of Hawaii's Motion to Dismiss.  <u>See</u> Order Granting Defendant Research Corporation of the University of Hawaii's Motion to Dismiss, ECF No. 58.  The court dismissed Plaintiff's Second Amended Complaint with respect to the claims against RCUH, ruling that the Second Amended Complaint lacked "factual allegations as to why RCUH should be liable to Baranyi."  <u>Id.</u>, PageID # 291.  The court gave Baranyi leave to file a Third Amended Complaint that asserted viable claims against RCUH.  <u>Id.</u>, PageID # 291.

The Third Amended Complaint filed by Baranyi asserts the same claims against Defendants Haws, Richard L. Short, and the University of Hawaii that were asserted in the Second Amended Complaint.  <u>Compare</u> Third Amended Complaint, ECF No. 62, <u>with</u> Second Amended Complaint, ECF No. 46.  The Third Amended Complaint asserts claims of retaliation, age discrimination, defamation, and negligent infliction of emotional distress. Specifically, it alleges that, on September 12, 2012, Haws, a tenured professor at the University of Hawaii, retaliated against Baranyi by filing a false accusation of disruptive behavior with

2

the Dean of Student Affairs shortly after Baranyi had complained to Haws about age discrimination and unfair hiring practices. See Third Amended Complaint, ECF No. 62, PageID # 297. Baranyi also claims that Haws retaliated against him the following week by filing two false claims with the Dean of Student Affairs and by filing a workplace violence charge with campus security. Id., PageID #s 297-98. Baranyi claims Haws further retaliated against him by seeking a temporary restraining order against him in state court. Id., PageID # 298. Baranyi says Haws also retaliated against him by lying to the EEOC investigator who was looking into an administrative charge filed by Baranyi and by getting Short to submit a false statement to that investigator. Id., PageID # 298. Baranyi claims that Haws and Short defamed him by lying to the EEOC investigator. Id., PageID #s 302-303.

Baranyi additionally claims that Haws discriminated against him based on his age by lying to him about the availability of "student assistant jobs." Id., PageID # 301. He also claims that Haws caused him emotional distress. Id., PageID #s 303-304.

Haws now complains about the Third Amended Complaint, arguing that Baranyi failed to comply with the court's order of June 24, 2014, because the Third Amended Complaint includes "new or additional allegations, statements, claims and/or remedies unrelated to his claims against Defendant RCUH." Defendant Maria

C. Haws' Motion for Partial Dismissal of Third Amended Complaint, ECF No. 70, PageID # 351. Defendant argues that Baranyi only had leave to amend with respect to the facts and claims against RCUH, and that any additions relating to Haws should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Id., PageID #s 349-350.

**III. STANDARD OF REVIEW.**

Under Rule 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," on its own or upon a motion made by a party. Fed. R. Civ. P. 12(f). Redundant matter is an allegation that includes a "needless repetition of other averments or [is] foreign to the issue." Sligher v. Prospect Mort., LLC, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011); see also Walter-Cook v. Integrated Health Res., LLC, No. 12-00146, 2012 WL 4461159, at *1-2 (D. Haw. Aug. 10, 2012). Immaterial matter has "no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." Id. Scandalous matter "improperly casts a derogatory light on someone, most typically on a party to the action." Germaine Music v. Universal Songs of

4

Polygram, 275 F. Supp. 3d 1288, 1300 (D. Nev. 2003).

The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). A Rule 12(f) motion to strike is a "severe measure and is generally viewed with disfavor." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982); see also Sky-Med, Inc. v. Skydiving Sch., Inc., No. 13-00193, 2014 WL 198801, at *1-2 (D. Haw. Jan. 16, 2014). Because of this, a motion to strike is "not normally granted unless prejudice would result to the movant from the denial of the motion." Id. In considering a motion to strike, the court "views the challenged pleadings in the light most favorable to the plaintiffs." Wailua Assocs. v. Aetna Cas. & Sur. Co., 183 F.R.D. 550, 554 (D. Haw. 1998); see also Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1301 (9th Cir. 1992).

**IV.  ANALYSIS.**

Haws brings the present motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which allows a court to strike from a pleading any matter that is redundant, immaterial, impertinent, or scandalous. It is unclear from Haws's motion which of these Rule 12(f) categories she is relying on in seeking an order striking the new material in the Third Amended

5

Complaint. Haws simply moves to strike on the grounds that portions of the Third Amended Complaint do not comply with the court's order of June 24, 2014.

The court may dismiss a complaint or a claim therein based on a failure to comply with an order pursuant to its inherent power or to Rule 41(b) of the Federal Rules of Civil Procedure. See Fendler v. Westgate-Cal. Corp., 527 F.2d 1168, 1170 (9th Cir. 1975). In Fendler, the court order gave a plaintiff leave to file a third amended complaint, but expressly limited the complaint to certain claims. Id. at 1169. The plaintiff filed a third amended complaint that did not meet these specifications, and the court dismissed the complaint with prejudice. Id. at 1169-70.

At issue in Baranyi's Third Amended Complaint are the "new or additional claims and/or remedies against Haws or any other defendants in this case." Defendant Maria C. Haws' Motion for Partial Dismissal of Third Amended Complaint, ECF No. 70, PageID # 351. Haws's interpretation of the court's order is that Baranyi could only assert new facts and/or claims against RCUH, and that any additional allegations, statements, claims, or remedies against other Defendants would violate the court's order. Id., ECF No. 70, PageID # 351.

Haws's interpretation of the order is too narrow. Although the order granted Baranyi leave to file a Third Amended

6

Complaint to assert facts and claims against RCUH, the order did not expressly limit new allegations to RCUH. See Order Granting Defendant Research Corporation of the University of Hawaii's Motion to Dismiss, ECF No. 58. Unlike the order in Fendler, which limited the complaint to "certain expressly stated claims," Fendler, 527 F.2d at 1169, this court's order of June 24, 2014, did not expressly limit new claims in Baranyi's Third Amended Complaint to claims against RCUH.

The court notes that Baranyi's Second and Third Amended Complaints are substantially the same. The Third Amended Complaint does add additional facts to the claims asserted against Haws, Short, and the University of Hawaii. See Third Amended Complaint, ECF No. 62, PageID #s 297-303. These additional factual assertions only flesh out existing claims. Id., PageID #s 297-303. Haws has not demonstrated any prejudice resulting from the additional detail in the Third Amended Complaint.

Because a Rule 12(f) motion to strike is a "severe measure" that should be viewed "in the light most favorable to the plaintiffs," and because Haws relies on her own narrow reading of this court's order without pointing to any express language in the order prohibiting new material, this court sees no justification for striking the new portions of the Third Amended Complaint. See 729.773 Acres of Land, 531 F. Supp. at

7

971; Wailua Assocs., 183 F.R.D. at 554.  This court does not consider the additional factual detail contained in the Third Amended Complaint to be violative of the court's order of June 24, 2014.  While the Third Amended Complaint seeks new remedies, including the ending of the allegedly "non-competitive" hiring policy as well as a position with Pacific Aquaculture and Coastal Resources Center, the addition of these remedies at this early stage of the litigation does not prejudice Haws.

**V.      CONCLUSION.**

The new material in Baranyi's Third Amended Complaint is neither redundant, immaterial, impertinent, nor scandalous.  The court denies Haws's Motion for Partial Dismissal pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  The court denies the motion without a hearing pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

**Baranyi v. Univ. of Hawaii, et al., Civ. No. 13-00667 SOM-KSC; ORDER DENYING DEFENDANT MARIA C. HAWS'S MOTION FOR PARTIAL DISMISSAL OF THIRD AMENDED COMPLAINT.**