IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SANDOR V. BARANYI, | ) | CIVIL NO. 13-00667 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING CLAIMS |
| | ) | AGAINST THE UNIVERSITY OF |
| vs. | ) | HAWAII AND INDIVIDUAL |
| | ) | DEFENDANTS IN THEIR OFFICIAL |
| UNIVERSITY OF HAWAII; | ) | CAPACITIES; ORDER DISMISSING |
| RESEARCH CORPORATION OF THE | ) | AGE DISCRIMINATION IN |
| UNIVERSITY OF HAWAII; MARIA | ) | EMPLOYMENT ACT CLAIMS AGAINST |
| C. HAWS; and RICHARD L. | ) | INDIVIDUAL DEFENDANTS IN |
| SHORT, | ) | THEIR INDIVIDUAL CAPACITIES; |
| | ) | ORDER DECLINING TO EXERCISE |
| Defendants. | ) | SUPPLEMENTAL JURISDICTION |
| | ) | OVER REMAINING STATE-LAW |
| _____ | ) | CLAIMS AGAINST INDIVIDUAL |
| | | DEFENDANTS IN THEIR |
| | | INDIVIDUAL CAPACITIES |

**ORDER DISMISSING CLAIMS AGAINST THE UNIVERSITY OF HAWAII AND
INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES;
ORDER DISMISSING AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIMS
AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES;
ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER
REMAINING STATE-LAW CLAIMS AGAINST INDIVIDUAL
DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES**

I.      INTRODUCTION.

        Plaintiff Sandor V. Baranyi's Third Amended Complaint

asserts violations of the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. §§ 621-34, and state-law claims of defamation

and negligent infliction of emotional distress ("NIED").  See ECF

No. 62.

        On April 20, 2015, Defendants University of Hawaii,

Maria C. Haws, and Richard L. Short moved to dismiss the Third

Amended Complaint.  That motion is granted in part.  Because the

University of Hawaii, as well as Short and Haws in their official

capacities, has Eleventh Amendment immunity with respect to the ADEA and state-law claims, the claims are dismissed. To the extent Haws and Short seek dismissal of individual-capacity claims under the ADEA, the court also grants the motion, as the ADEA does not provide for individual liability under the circumstances presented here. Finally, although Haws and Shorts seek dismissal of the individual-capacity state-law claims, arguing that those claims are really claims that should be asserted against the University of Hawaii under section 304A-108 of Hawaii Revised Statutes, the court does not reach that issue. Instead, the court declines to exercise supplemental jurisdiction over the remaining individual-capacity state-law claims.

Pursuant to Local Rule 7.2(d), the court decides this matter without a hearing.

II.      **BACKGROUND.**

On December 4, 2013, Plaintiff Sandor V. Baranyi filed the original Complaint in this matter, naming as Defendants Pacific Aquaculture and Coastal Resources Center, Maria Haws, and Richard Short. See ECF No. 1. The Complaint alleged that Baranyi, a student at the University of Hawaii at Hilo, had been seeking employment at Pacific Aquaculture for three years but was told by Haws that no jobs were available there. Id.

On January 10, 2014, Baranyi filed an Amended Complaint, naming as Defendants RCUH, Haws, and Short. See ECF

2

No. 12.  The Amended Complaint included no claims against Pacific
Aquaculture.  Id.  On February 25, 2014, RCUH sought dismissal of
the Amended Complaint, arguing that the allegations of the
Amended Complaint were insufficient to state a claim against
RCUH.  See ECF No. 21.  At a hearing on the motion, Baranyi
agreed that his Amended Complaint did not outline alleged
wrongdoing on the part of RCUH.  Accordingly, the court granted
the motion and gave him leave to file a Second Amended Complaint.
See ECF Nos. 41 and 45.

On May 2, 2014, Baranyi filed a Second Amended
Complaint.  See ECF No. 46.  On May 5, 2014, RCUH filed a motion
to dismiss that complaint, again arguing that the pleading failed
to allege a viable claim against it.  See ECF No. 48.  The court
agreed with RCUH that the Second Amended Complaint failed to
properly allege a claim against it and granted the motion.  See
ECF No. 58.  The court gave Baranyi leave to file a Third Amended
Complaint that "identifies who is being sued, what the legal
basis is for each claim, what facts support the elements of each
claim, and what remedies are being requested."  Id., PageID #
291.

On July 17, 2014, Baranyi filed his Third Amended
Complaint.  See ECF No. 62.  Baranyi alleges that, on September
12, 2012, Haws, a tenured University of Hawaii professor,
retaliated against him by filing a false accusation of disruptive

behavior with the Dean of Student Affairs shortly after Baranyi complained to Haws about age discrimination and unfair hiring practices. Id., PageID # 297. Baranyi also claims that Haws retaliated against him the following week by filing false claims of defamation and harassment with the Dean of Student Affairs and by filing a workplace violence charge with campus security. Id., PageID #s 297-98. According to Baranyi, Haws further retaliated against him by seeking a temporary restraining order against him in state court. Id., PageID # 298. Baranyi says Haws also retaliated against him by lying to the EEOC investigator who was looking into an administrative charge filed by Baranyi and by getting Defendant Richard Short to submit a false statement to that investigator. Id., PageID # 298-99. Baranyi, who is 47, additionally claims that Haws discriminated against him based on his age by lying to him about the availability of "student assistant jobs." Id., PageID # 301.

The Third Amended Complaint alleges that Short is an employee of and supervisor at the University of Hawaii. It alleges that Short's false statement to the EEOC investigator was also a form of retaliation, presumably in response to Baranyi's filing of an administrative charge with the EEOC. Id., PageID # 299.

The Third Amended Complaint asserts that the University of Hawaii is liable for the actions of its tenured professor and its supervisors, Haws and Short. Id., PageID # 299-301.

The Third Amended Complaint asserts that the University of Hawaii, Haws, and Short defamed Baranyi and that the University of Hawaii and Haws negligently caused Baranyi emotional distress. See id., PageID #s 302-304.

On August 20, 2014, the court dismissed the claims asserted against RCUH with prejudice. See ECF No. 74.

## III.    STANDARD.

To the extent Defendants' motion seeks dismissal of claims under Rule 12(b)(6), the court incorporates by reference the standard set forth in its order of August 20, 2014. See ECF No. 74, PageID #s 396-399.

With respect to Defendants' Eleventh Amendment immunity challenge, the court notes that the Ninth Circuit has called Eleventh Amendment immunity "quasi-jurisdictional." Bliemeister v. Bliemeister (In re Bliemeister), 296 F.3d 858, 861 (9th Cir. 2002). Under Bliemeister, sovereign immunity "may be forfeited where the state fails to assert it and therefore may be viewed as an affirmative defense." Id. Subsequent to Bliemeister, the Ninth Circuit has tacitly approved of applying Rule 12(b)(1) of the Federal Rules of Civil Procedure to a claim of Eleventh Amendment immunity. See Savage v. Glendale Union High Sch.,

5

Dist. No. 205, Maricopa County, 343 F.3d 1036, 1040 (9th Cir. 2003) (reviewing denial of Rule 12(b)(1) motion to dismiss based on Eleventh Amendment immunity).  At the same time, the Ninth Circuit has noted that Eleventh Amendment immunity "'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' and that it 'should be treated as an affirmative defense.'"  Tritchler v. County of Lake, 358 F.3d 1150, 1153-54 (9th Cir. 2004) (quoting ITSI TV Prods., Inc. v. Agric. Ass'ns, 3 F.3d 1289, 1291 (9th Cir. 1993)).

Because the current motion claims Eleventh Amendment immunity based on the allegations of the Complaint, without resorting to other evidence, whether the court applies Rule 12(b)(1) or Rule 12(b)(6) with respect to examining Defendants' Eleventh Amendment immunity makes no difference.  Under either rule, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013) ("Whether we construe Defendants' motion as one under Rule 12(b)(6) or as a facial attack on subject matter jurisdiction under Rule 12(b)(1), all factual allegations in Pride's complaint are taken as true and all reasonable inferences are drawn in his favor.").

IV.     ANALYSIS.

        A.    **The University of Hawaii and the Individual
              Defendants in Their Official Capacities Have
              Eleventh Amendment Immunity With Respect to All
              Claims Asserted in the Third Amended Complaint.**

        The Eleventh Amendment states: "The Judicial power of
the United States shall not be construed to extend to any suit in
law or equity, commenced or prosecuted against one of the United
States by Citizens of another State, or by Citizens or Subjects
of any Foreign State."  Accordingly, under the Eleventh
Amendment, a state is immune from suit brought in federal court
by its own citizens or citizens of other states.  Papasan v.
Allain, 478 U.S. 265, 276 (1986); Pennhurst State Sch. & Hosp. v.
Halderman, 465 U.S. 89, 100 (1984).  Unless a state unequivocally
waives sovereign immunity or Congress exercises its power under
the Fourteenth Amendment to override that immunity, the state,
its agencies, and its officials are immune from suit under the
Eleventh Amendment for official actions or omissions.  Will v.
Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989);
Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher
Educ., 616 F.3d 963 967 (9th Cir. 2010) (Eleventh Amendment
immunity extends to state instrumentalities and agencies, as well
as state officials in their official capacities).

        Suits against officials in their official capacities
are considered suits against their offices such that they are
considered suits against the states for Eleventh Amendment

7

purposes.  See Seven Up Pete Venture v. Schweitzer, 523 F.3d 948,

952 (9th Cir. 2008).  "A narrow exception exists where the relief

sought is prospective in nature and is based on an ongoing

violation of the plaintiff's federal constitutional or statutory

rights."  Krainski, 616 F.3d at 967-68 (quotation marks and

citation omitted).  Accord Ex parte Young, 209 U.S. 123 (1908)

(suit challenging constitutionality of state official's action is

not one against state).  Accordingly, when "plaintiffs seek

prospective injunctive relief against the state official for a

violation of federal law, the Eleventh Amendment does not bar the

action."  Seven Up, 523 F.3d at 953.  This narrow exception is

inapplicable because Baranyi is only seeking monetary relief.

　　　　　Because the University of Hawaii is an agency of the

State of Hawaii for Eleventh Amendment immunity purposes, it and

its employees in their official capacities have Eleventh

Amendment immunity from suits in federal court.  Oyama v. Univ.

of Hawaii, 2013 WL 1767710, *6 (D. Haw. Apr. 23, 2013) ("The

University of Hawaii is an agency of the State and entitled to

Eleventh Amendment immunity."); Mukaida v. Hawaii, 159 F. Supp.

2d 1211, 1221 (D. Haw. 2001) (same); see also Hall v. State, 791

F.2d 759, 761 (9th Cir. 1986) ("Little question exists with

respect to the University of Hawaii, the Law School, and the

board of regents.  They are clearly immune as agencies of the

state.").  Absent a congressional override or a waiver of its

immunity, the University of Hawaii and its employees in their official capacities have Eleventh Amendment immunity from the claims asserted in the Third Amended Complaint.

> **1. The ADEA Claims Against the University of Hawaii and the Individual Defendants in Their Official Capacities Are Dismissed.**

Baranyi's Third Amended Complaint asserts various ADEA claims. Although the ADEA contains a clear statement that Congress intended to abrogate the states' Eleventh Amendment immunity, that abrogation exceeded its power under the Fourteenth Amendment. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 74-75, 91 (2000) (Congress did not validly abrogate states' Eleventh Amendment Immunity). States therefore have Eleventh Amendment immunity from ADEA claims. Id.; see also Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1054, 1057 (9th Cir. 2009) (after dismissing ADEA claims on Eleventh Amendment immunity grounds, district court properly denied leave to file amended complaint to assert new age discrimination claims under § 1983, as ADEA is exclusive remedy for federal claims of age discrimination in employment).

There is no contention that Hawaii has waived its Eleventh Amendment immunity with respect to claims under the ADEA. Accordingly, to the extent Baranyi's Third Amended Complaint asserts claims under the ADEA against the University of Hawaii and Haws and Short in their official capacities,

Defendants have Eleventh Amendment immunity with respect to those claims.

>    **2.    The Defamation and Emotional Distress Claims Asserted Against the University of Hawaii and the Individual Defendants in Their Official Capacities Are Dismissed.**

The Eleventh Amendment also bars the defamation and emotional distress claims asserted against the University of Hawaii and Haws and Short in their official capacities.

There is no contention that Congress abrogated the state's Eleventh Amendment immunity with respect to state-law torts.  Nor has Hawaii unequivocally waived that immunity.  An unequivocal waiver may be found when (1) a state expressly consents to federal jurisdiction in the context of the litigation; (2) a state statute or constitutional provision expressly provides for suit in a federal court; or (3) Congress clearly intends to condition a state's participation in a program or activity on that state's waiver of its immunity.  Charley's Taxi Radio Dispatch Corp. v. Sida of Haw., Inc., 810 F.2d 869, 873 (9th Cir. 1987).

Baranyi does not point to any waiver of Eleventh Amendment immunity applicable to the state-law claims in this case.  Nor could the court locate such a waiver.  The State of Hawaii has only waived its sovereign immunity with respect to certain types of suits.  In section 661-1 of the Hawaii Revised Statutes, for example, Hawaii consents to being sued for monetary

10

relief for violations of state statutes, state regulations, and contracts entered into with the state. See Haw. Rev. Stat. § 661-1. "However this statute does not extend consent to suits in federal court." Office of Hawaiian Affairs v. Dep't of Educ., 951 F. Supp. 1484, 1491 (D. Haw. 1996). Similarly, in chapter 662 of the Hawaii Revised Statutes, Hawaii consents to being sued in tort actions. "However this provision also does not operate as a waiver . . . to suit in federal court." Id.; see also Doe ex rel. Doe v. State of Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1018 (D. Haw. 2004) ("Although the State of Hawaii generally waives . . . sovereign immunity as to torts of its employees in the Hawaii State Tort Liability Act, H.R.S. ch. 662, this waiver only applies to claims brought in state courts and does not constitute a waiver of the State's Eleventh Amendment immunity."); Pahk v. Hawaii, 109 F. Supp. 2d 1262, 1268 (D. Haw.2000) ("Although the State of Hawaii consents to being sued in tort actions[,] . . . that consent applies only to cases brought in the state courts of Hawaii, not to cases brought in federal courts."); cf. Fordyce v. City of Seattle, 55 F.3d 436, 441 (9th Cir. 1995) ("Although [a state] may waive the protection of the Eleventh Amendment's jurisdictional bar by passing a statute consenting to be sued, a statute consenting to suit in state court does not constitute consent to suit in federal court.").

### B. The ADEA Claims Asserted Against the Individual Defendants in Their Individual Capacities Are Dismissed.

Haws and Short argue that the ADEA claims asserted against them in their individual capacities must be dismissed because there is no individual liability for such claims. The court agrees and dismisses those claims because individuals are not liable for money damages under the ADEA. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587–88 (9th Cir. 1993). In Miller, the Ninth Circuit reasoned that, because the ADEA limits liability to employers with twenty or more employees, it would be "inconceivable that Congress intended to allow civil liability to run against individual employees."

### C. The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State-Law Claims.

Given the dismissal of the claims conferring federal question jurisdiction, this court now considers whether it should exercise supplemental jurisdiction over the remaining state law claims asserted against Haws and Short in their individual capacities. Supplemental jurisdiction, unlike federal question or diversity jurisdiction, is not mandatory. A court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims

over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right. See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). When, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." Gibbs, 383 U.S. at 726. Although the Supreme Court has stated that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it has also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Having dismissed the federal question claims, the court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses them. In so doing, the court recognizes that Defendants have asked for dismissal of the individual capacity tort claims based on section 304A-108 of Hawaii Revised Statutes. That section states, "Notwithstanding

any other law to the contrary, all claims arising out of the acts

or omissions of the university or the members of its board of

regents, its officers, or its employees . . . may be brought

only pursuant to this section, and only against the university."

Haws and Short argue that, because section 304A-108 requires

Baranyi's claims to be asserted against the University of Hawaii,

and because the university has Eleventh Amendment immunity from

those claims, the defamation and NIED claims must be dismissed.

The court does not reach the issue of whether section 304A-108

must be read so broadly and thinks that, under the circumstances

presented here, that issue is best left to the state court for

adjudication.

The argument advanced by Haws and Short might be

extended to provide that, if an employee of the university

brought a gun to campus and killed multiple people, claims could

only be asserted against the university. Yet, the term "all

claims" in section 304A-108 may not have been intended to make

the university liable for all torts of its employees outside the

course and scope of their employment. Instead, as the

Intermediate Court of Appeals noted in Boyd v. University of

Hawaii, 2012 WL 503797, *3 (Haw. Ct. App. Feb. 13, 2012), "It is

clear from the plain language of this statute that only [the]

University itself may be sued for acts or omissions of its

employees acting in their official capacities."

The court recognizes that, in <u>Hunger v. University of Hawaii</u>, 2013 WL 6147673 (D. Haw. Nov. 22, 2013) and in <u>McNally v. University of Hawaii</u>, 780 F. Supp. 2d 1037 (D. Haw. 2011), this court applied section 304A-108 to individual-capacity claims. But those claims were barred by other law as well, and no challenge was raised to the applicability of section 304A-108. Additionally, the court notes that the University has taken a different position with respect to the predecessor of section 304A-108, which was section 304-6.  In <u>Mukaida v. Hawaii</u>, 159 F. Supp. 2d 1211 (2001), the university did not argue under the identical language of section 304-6 that every tort claim against an individual employee had to be asserted only against the university.

Under the circumstances presented here, the court declines to exercise supplemental jurisdiction, leaving it to the state courts to decide the issue of the scope of section 304A-108.

**V.       CONCLUSION.**

The court dismisses the ADEA claims and the tort claims against the University of Hawaii and Haws and Short in their official capacities.  Having dismissed the claims providing the court with federal question jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state-law

tort claims asserted against Haws and Short in their individual capacities.

This ruling does not mean that Baranyi cannot sue the University of Hawaii, Haws, or Short. He may file suit in state court, although this court is not suggesting that any claims in such a suit would be cognizable.

The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 16, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Baranyi v. Univ. of Hawaii, et al., Civ. No. 13-00667 SOM/KSC; ORDER DISMISSING CLAIMS AGAINST THE UNIVERSITY OF HAWAII AND INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES; ORDER DISMISSING AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES; ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING STATE-LAW CLAIMS AGAINST INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES